# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-0138V
Filed: August 13, 2018
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| T.M., | |
|       Petitioner, | Motion to Redact Ruling; Special Processing Unit (SPU) |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|       Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

### ORDER GRANTING PETITIONER'S MOTION TO REDACT AND ORDER AMENDING CASE CAPTION[1]

**Dorsey,** Chief Special Master:

On January 30, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered to her left arm on October 15, 2015. Petition at ¶¶ 2-4. The undersigned issued Findings of Fact and Conclusions of Law ("Fact Ruling") regarding the onset of petitioner's injury on July 27, 2018. (ECF No. 27).

---

[1] Because this unpublished ORDER contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). <u>In light of the undersigned's conclusion below, the undersigned intends to post this decision with a redacted caption</u>. To the extent petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner subsequently moved to redact portions of the Fact Ruling. (ECF No. 28). Specifically, petitioner seeks to redact the names of, or use only initials for three individuals identified in the Fact Ruling, including petitioner; or in the alternative, redact other specific identifying terms, including the names of specific witnesses and doctors (but not petitioner's name). In support of this motion, petitioner states that she is a licensed counselor and is completing her training at a Veterans Administration Medical Center ("VAMC"). As part of her training, she assists individuals who have been diagnosed with severe mental illnesses, along with individuals with life challenges, trauma, death, relationship issues, etc. *Id*. at 1. Petitioner expresses concern that public knowledge of her personal information as well as the information about her friends, age, and residence, increases the likelihood of her patients finding and/or connecting with her personally, which can hinder their therapeutic work and may provide unsafe conditions for petitioner and her witnesses. In addition, petitioner argues that connecting her to the VAMC could impact her employment opportunities given that it could be perceived from the decision that she is adverse to the VAMC in some way. *Id*. at 2.

Petitioner proposes the ruling be redacted as follows: (1) redact using only initials for petitioner and her witnesses, or (2) in the alternative, redact certain specific identifying information in the Fact Ruling as petitioner has set forth in her motion. *Id.* at 2.

In a response filed on August 9, 2018, respondent provided a recitation of relevant case law, but ultimately concluded that "Respondent does not believe it is appropriate to advocate in favor of disclosure of a petitioner's information in any particular case, including this one, but rather defers to the Chief Special Master's judgment as to whether petitioner's Motion should be granted. . ." (ECF No. 29, p. 5). Petitioner filed no reply.[3]

Section 12(d)(4)(B) of the Vaccine Act, in relevant part, provides that:

A decision of a [S]pecial [M]aster or the court in a proceeding shall be disclosed, except that if the decision is to include information:

i.  which is trade secret or commercial or financial information which is privileged and confidential, or
ii. which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 12(d)(4)(B); *See also* Vaccine Rule 18(b).

In several cases, special masters have declined to redact information, other than changing the name of a minor child to initials. *E.g., Langland v. Sec'y of Health &*

---

[3] *See* Informal Communication dated August 13, 2018.

*Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), affirmed on this point at 109 Fed. Cl. 421, fn. 1 (2013); *Castagna v. Sec'y of Health & Human Servs.*, No. 99-411V, 2011 WL 4348135 (Fed. Cl. Spec Mstr. Aug 25, 2011); *House v. Sec'y of Health & Human Servs.*, No. 99-406V, 2012 WL 402040 (Fed. Cl. Spec. Mstr. Jan. 11, 2012); *Anderson v. Sec'y of Health & Human Servs.*, No. 08-396V, 2014 WL 3294656 (Fed. Cl. Spec. Mstr. June 4, 2014).  However, in *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (Fed. Cl. 2011), the court held that disclosure of a petitioner's name in a decision is not necessary to effectuate the underlying purpose of the Vaccine Act's public disclosure requirements.  In *W.C.*, the court concluded that while disclosure of information linking petitioner to his injury does not necessarily constitute an "*unwarranted* invasion of privacy," "where '[t]here is no relevant public purpose to be weighed against [a] threatened invasion[,] . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'" *W.C.*, 100 Fed. Cl. at 461 (emphasis original) (quoting *Federal Labor Relations Auth. V. United States Dept. of Veterans Affairs*, 958 F.2d 503, 513 (2nd Cir. 1992).).

In this case, the undersigned agrees with the rationale expressed in *W.C.* Sensitivity to petitioner's particular professional and her personal concerns for her own safety and the safety of her witnesses in this instance outweighs the competing interest in disclosure.  **Petitioner's motion is therefore GRANTED.**  Thus, the public version of the ruling shall be redacted to include only petitioner's initials, T.M., and the initials of her two witnesses, E.K., and C.G.  Moreover, **the undersigned also directs the Clerk to amend the case caption to the following:**

```
* * * * * * * * * * * * * * * * * * * * * * * * *
T.M.,                                           *
                                                *
                 Petitioner,                    *
v.                                              *
                                                *
SECRETARY OF HEALTH                             *
AND HUMAN SERVICES,                             *
                                                *
                 Respondent.                    *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Any questions about this order or about this case generally may be directed to OSM staff attorney, Francina Segbefia, at (202) 357-6358, or email: Francina_Segbefia@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master
