# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0138V
### Filed: December 13, 2018
UNPUBLISHED

|  |  |
|---|---|
| T.M., <br><br>               Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>               Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 30, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 15, 2015. Petition at 1. On September 21, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 36.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 21, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 43.   Petitioner requests attorneys' fees in the amount of $35,908.50 and attorneys' costs in the amount of $1,242.78.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 43-3.  Thus, the total amount requested is $37,151.28.

On November 27, 2018, respondent filed a response to petitioner's motion.  ECF No. 44.   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I.   Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.   Discussion

### A.  Block Billing

As an initial matter, the undersigned notes that counsel has grouped multiple activities into single time entries which is disfavored as it makes a line-by-line analysis nearly impossible. *See, e.g. Riggins v. Sec'y of Health & Human Servs.*, 99-38V, 2009 WL 3319818, *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Attorneys are advised that "[e]ach task should have its own line entry indicating the amount of time spent on that task" and that "[l]umping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request." *Guidelines for Practice Under the National Vaccine Injury Compensation Program* at 68.[3]

In this case there are several examples of billing entries which constitute block billing. For example, one entry date May 12, 2016, billed for 0.50 hrs reads "Work on drafting releases and requests: work on scanning and saving; update provider chart; correspondence to Samantha Ward regarding follow up". ECF NO. 43-2 at 2. Another entry dated August 17, 2017, billed for 0.40 hrs reads, "Telephone call from hickory Medical Advisors; Update provider chart; Correspondence with Deirdre Baker regarding invoice payment; update provider chart." *Id.* at 13. Such entries do not allow the undersigned to assess the reasonableness of time spent on each task.[4]

### B.   Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Documentation submitted show that 3 attorneys, 2 law clerks and a paralegal billed time on this case. Many of the billing entries are for internal communications

---

[3] *Guidelines for Practice Under the National Vaccine Injury Compensation Program,* are available on the court's website at
http://www.uscfc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf.

[4] The fees for Black McLaren were previously reduced for block billing in *M.W. v. Sec'y of Health & Human Servs.,* No. 12-0423V, (Dec. Filed December 10, 2018).

between the attorneys and staff including inter-office conferences, correspondence, and discussions.[5]  Electronic court notification were also routinely reviewed by multiple attorneys and a paralegal upon receipt.

### C.  Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program."  *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387).  There are many examples of law clerks billing for tasks considered administrative including forwarding emails, calendaring deadlines, scanning documents, creating folders, and printing records.

For the reasons listed above, the undersigned finds a reduction of fees appropriated. The undersigned reduces the overall request for attorneys' fees by 5%, for a total reduction of **$1,795.42**.

### III.    Attorney Costs

Petitioner requests reimbursement for costs incurred in the amount of $1,242.78. ECF No. 43 at 1.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.    Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $35,355.86[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel William E. Cochran, Jr.**

---

[5] Upon review of the billing records submitted, over 90 separate entries were billed in reference to internal communications.  ECF No. 43-2, 1-23.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.